UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

In re:

VAN DER VALK CONSTRUCTION LLC,

Case No.: 3:25-bk-01382-BAJ
Chapter 11

Debtor.
_______________________________/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT**
**BETWEEN THE DEBTOR, MDST, LLC AND MATTHIEU H. SAEIJS**

**NOTICE OF OPPORTUNITY TO**
**OBJECT AND FOR HEARING**

If you object to the relief requested in this paper you must file a response with the Clerk of Court at 801 N. Florida Ave, Suite 555, Tampa, FL 33602, within twenty-one (21) days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.

Debtor, Van Der Valk Construction, LLC (the "Debtor"), and Creditors, MDST, LLC ("MDST") and Matthieu H. Saeijs ("Saeijs") (collectively, the "Creditors"), by and through their undersigned counsel and pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, jointly move to approve a compromise between the Debtor and Creditors. In support, the parties state as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this motion is a core proceeding pursuant to 28 U.S.C. § 157(b).

Venue is proper in this district pursuant to 28 U.S.C. § 1408.

2. The requested relief is permitted under Rule 9019 of the Federal Rule of Bankruptcy Procedure.

**BACKGROUND**

3. On November 11, 2022, MDST and Saeijs filed a complaint against the Debtor in the Circuit Court of the Fifth Judicial Circuit in and for Citrus County, Florida (the "State Court") commencing the civil action styled, *MDST, LLC v. Master*, Case No. 2022 CA 000808. Through its operative second amended complaint, MDST asserted claims against the Debtor for breach of an oral contract pursuant to which MDST supervised the construction of certain residential homes (Count I) and breach of an oral contract pursuant to which MDST agreed to refer potential purchasers of construction services to the Debtor in exchange for 10 percent (10%) referral fee (Count II), among other causes of action. Saeijs also asserted several claims including Breach of Contract (Count III), Money Had and Received (IV), Account Stated (VI) and Breach of Contract (pled in the alternative to Count VI).

4. On April 24, 2025, the State Court entered a Final Summary Judgment (the "Judgment"). Through the Judgment, among other things, the State Court found that:

i. As to certain of the homes at issue in Count I, MDST and the Debtor were parties to an enforceable contract pursuant to which MDST supervised the construction of the homes and the Debtor agreed to pay $2,500.00 for each home upon the issuance of a certificate of occupancy. Accordingly, the State Court entered judgment on Count I in favor of MDST as to eight of homes and awarded MDST the total sum of $20,000.00.[1]

[1] As to the other homes at issue in Count I, the State Court entered judgment in favor of the Debtor.

ii. As to Saeijs's claim for money had and received (Count II), the State Court entered a judgment in favor of Saeijs in the amount of $20,400.00.

5. On April 30, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Subchapter V, Chapter 11 of the United States Bankruptcy Code (the "Code").

6. After obtaining relief from the stay, on May 23, 2025, MDST and Saeijs appealed the Judgment, commencing Appeal No: 5D2025-1553 (the "Appeal").

7. On June 27, 2025, MDST filed Proof of Claim No. 14, asserting an unsecured claim in the amount of $338,697.23; and Saeijs filed Proof of Claim No. 15, asserting an unsecured claim in the amount of $24,144.94.

8. On April 10, 2026, the Debtor filed objections to both claims (the "Claim Objections"). (See Docs. 164, 165, 204).

9. On September 9, 2025, MDST and Saeijs filed an objection to confirmation of the Debtor's proposed chapter 11 plan (Doc. 97) (the "Plan Objection")

10. As of the filing of this Motion, the Court has not ruled on the Claim Objections or the Plan Objection and the Appeal remains pending.

11. On June 17, 2026, the Debtor, MDST, and Saeijs agreed to a compromise on the following material terms:

i. Claim 14 shall be allowed as a general unsecured claim in the amount of $275,000.00.

ii. Claim 15 shall be allowed as a general unsecured claim in the amount of $24,114.94.

iii. In the event this bankruptcy case is dismissed, the compromise of Claims 14 and 15 will survive dismissal and remain binding upon the Debtor.

iv. The Creditors will withdraw the Plan Objection.

v. The Appeal shall be dismissed with each party to bear its own attorneys' fees and costs.

(the "Settlement").

**RELIEF REQUESTED**

12. The Debtor and Creditors request approval of the Settlement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure.

**ARGUMENT AND MEMORANDUM OF LAW**

13. Rule 9019(a) of the Federal Rules of Bankruptcy Procedure, which governs the approval of compromises and settlements, provides, in part, that: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).

14. There is a general bankruptcy policy encouraging settlements and compromises. *In re Bicoastal Corp*., 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993) (recognizing that the law favors compromise of disputes); *see also Myers v. Martin (In re Martin)*, 91 F.3d 389, 394 (3d Cir. 1996); *Florida Trailer and Equip. Co. v. Deal*, 284 F.2d 567, 571 (5th Cir. 1960). A proposed settlement should be approved unless it yields less than the lowest amount that the litigation could reasonably produce. *In re Holywell Corp.*, 93 B.R. 291, 294 (Bankr. S.D. Fla. 1988).

15. In *Wallis v. Justice Oaks II, Ltd.* (*In re Justice Oaks II, Ltd.*), 898 F.2d 1544 (11th Cir. 1990), *cert. denied*, 498 U.S. 959 (1990), the U.S. Court of Appeals for the Eleventh Circuit listed certain factors which must be considered in determining whether to approve a settlement. These factors are:

> (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay

> necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id.* at 1549.

16. Here, the proposed settlement satisfies the requirements of the *Justice Oaks* factors. Specifically:

a. The first *Justice Oaks* factor supports approval of the Settlement. The Appeal was abated due to the pendency of the Debtor's bankruptcy case. Consequently, the Appeal has not proceeded to briefing or oral argument, and the probability of success for either party is uncertain.

b. The second *Justice Oaks* factor also supports approval of the Settlement. The Settlement resolves claims asserted against the Debtor, which has limited funds to pay general unsecured claims. Therefore, from the Creditors' perspective, collection will be difficult and uncertain.

c. The third *Justice Oaks* factor supports approval of the Settlement. Without the Settlement, the parties would be required to continue litigating the pending Appeal, with no guarantee of the outcome. Continuation of the Appeal will require the expenditure of additional time and resources by the parties and the estate and may be followed by further proceedings on remand depending on the appellate court's ruling. Such litigation would delay the final resolution of the claims and the administration of the bankruptcy case. The Settlement avoids these costs, uncertainties, and delays by providing an immediate and certain resolution of the parties' disputes. Put simply, under the Settlement, the Appeal can be resolved without significant delay, expense, and inconvenience.

d. The fourth Justice Oaks factor weighs in favor of approving the Settlement. The Settlement is in the paramount interest of creditors because it resolves the Appeal, the Claim Objections, and the Plan Objection. Under the Settlement, the estate avoids the risk of a less favorable outcome in the Appeal and conserves estate resources for the benefit of all creditors.

17. On balance, the *Justice Oaks* factors demonstrate the reasonableness of the Settlement and weigh heavily in favor of approving the Settlement.

WHEREFORE, the parties jointly request that the Court enter an order enter an order in substantially the form attached hereto as **Exhibit A** granting this Motion, approving the Settlement, and granting the parties such additional relief as is just and proper.

DATED: August 11, 2026

/s/ Erik Johanson
Erik Johanson, Esq.
Florida Bar No. 106417
Joseph R. Boyd, Esq.
Florida Bar No. 1039873
ERIK JOHANSON PLLC
3414 W. Bay to Bay Blvd
Suite 300
Tampa, FL 33629
(813) 210-9442
erik@johanson.law
jr@johanson.law
ecf@johanson.law
Counsel for MDST, LLC
and Matthieu H. Saeijs

RICHARD A. PERRY, P.A.
Law Practice

/s/ Richard A. Perry
RICHARD A. PERRY
Florida Bar No. 394520
820 East Fort King Street
Ocala, Fl 34471-2320
352-732-2299
richard @ rapocala.com

Attorney for Debtor

FILER'S ATTESTATION PURSUANT TO LOCAL RULE 1001-2(g)(3)

Pursuant to Local Rule 1001-2(g)(3), attorney Richard A. Perry, is the filer of this document and attests that concurrence in the filing of this paper has been obtained from each party whose electronic signature is shown above.

The undersigned parties do hereby agree and consent to the terms of the Settlement as set forth in this motion.

______________________________
Van Der Valk Construction LLC

By: Christiaan G. Matser

Its: Manager

______________________________
MDST, LLC

By: Matthieu H. Saeijs

Its: Manager

______________________________
Matthieu H. Saeijs, Individually

CERTIFICATE OF SERVICE

Date of Service: Aug. 17 , 2026

I certify that on the date of service indicated above, the above document, was served by first class mail postage prepaid, on the recipients listed on the attached mailing matrix, if they are non-CM/ECF users.

/s/ Richard A. Perry
RICHARD A. PERRY
Fla. Bar No. 394520

# EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

In re:

VAN DER VALK CONSTRUCTION LLC,

Case No.: 3:25-bk-01382-BAJ
Chapter 11

Debtor.
_______________________________/

**ORDER GRANTING JOINT MOTION TO APPROVE SETTLEMENT BETWEEN THE DEBTOR, MDST, LLC, AND MATTHIEU H. SAEIJS**
(Doc. No. ____)

THIS CASE came before the Court without a hearing pursuant to the *Plaintiff's Motion for Approval of Settlement Between the Debtor, MDST, LLC and Matthieu H. Saeijs* (Doc. No. ) (the "Motion") filed by Debtor, Van Der Valk Construction LLC ("Debtor"). Through the Motion, the parties seek approval of a compromise between the Debtor, MDST, LLC ("MDST"), and Matthieu H. Saeijs ("Saeijs") (collectively, the "Creditors"). The Motion was filed using the negative notice procedures set forth in Local Rule 2002-4. No party objected to the Motion within the time permitted, and as a result, the Court considers the Motion to be unopposed. The Court has considered the Motion, the proposed terms of the settlement contained therein (the "Settlement"), and the record as a whole. Based on the foregoing, the Court finds that the Settlement satisfies the *Justice Oaks* factors and, therefore, should be approved pursuant to

Federal Rule of Bankruptcy Procedure 9019. Accordingly, it is:

**ORDERED** that the Motion is **GRANTED** as follows:

1. The Settlement is **APPROVED**.

2. The parties are authorized and directed to take all actions reasonably necessary or appropriate to effectuate, or otherwise enforce the terms, conditions, and provisions of the compromise.

3. The Court retains jurisdiction to enforce the terms of the Settlement and with respect to all matters arising from or related to the implementation of this Order.

4. This Order supersedes the Final Summary Judgment entered by the Fifth Judicial Circuit in and for Citrus County, Florida in the case styled, *MDST, LLC v. Master*, Case No. 2022 CA 000808. In the event this bankruptcy case is dismissed, the Creditors may record and enforce this Order to the same extent as a final judgment of the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division. For purposes of this paragraph, MDST, whose address is 2941 N. Brown Point, Hernando, FL 34442, shall recover from Van Der Valk Construction, LLC the sum of $275,000.00, and Saeijs, whose address is 2941 N. Brown Point, Hernando, FL 34442, shall recover from Van Der Valk Construction, LLC the sum of $24,144.94, which amounts shall bear interest at the per annum rate specified by 28 U.S.C. § 1961, all for which let execution issue.

*Attorney Richard A. Perry is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of its entry.*